## IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

MANUEL ANTONIO HERRERA HERNANDEZ,

    Plaintiff-Appellant,

        v.

THERESA LEE, JACOB BOHL, KILE K. TRITI, and CHARLES YORK,

    Defendants - Appellees.

U.S.C.A. – 7th Circuit
R E C E I V E D

OCT 02 2023   2

## PLAINTIFF-APPELLANT'S BRIEF

## INTRODUCTION

Plaintiff-Appellant pro se, Manuel Antonio Herrera Hernandez, hereby submit the following brief pursuant to 28 U.S.C § 1746 under penalty of perjury that the following is true and correct to the best of my knowledge.

## STATEMENT OF FACTS

1. While being an inmate of Waupun Corr. Inst., on October 23, 2021 at or around 1:45 pm in the North Cell Hall at the Sgt. cage my then cell-mate Gerald S. Mayek #58436 and I was waiting for officer "Defendant" Bohl to search our cell. (See Exhibit A, Gerald S. Mayek' statement). Sgt. "Defendant" Lee informed me that I was going to be placed in segregation. At that time I had on my hands my legal paperwork of discoveries of three pending cases and documents of my immigration case. Defendant Bohl handed my documents to Defendant Lee, for which she told me that she will put it with my property.

2. On November 2, 2021 I received part of my property in seg. Sgt. "Defendant" York first told me to sign the receipt then he handed me my property through the cell door trap all disorganized it, by the time I realized my paperwork was not in there the Sgt. was not in seg. anymore. I wrote to the property room and sgt. Lee asking for my legal paperwork but never got any respond.

3. On November 4, 2021. Defendant Lee was walking her round in Seg. I stopped her on my cell door B-208 and asked her for my legal paperwork that Defendant Bohl handed to her on October, 23, 2021. Defendant Lee gave me a misleading statement/ misinformation arguing that she placed my legal paperwork with the rest of my property. (Property that I would be able to have after I done with my Seg. time and be placed back on general population). Defendant Lee had her body camara on when she gave me this misinformation.

4. On December 15, 2021 when I done with my seg. time and got placed back in general population I received the rest of my property, electronics, etc, but my legal paperwork that Defendant Lee told me that she placed it with the rest of my property was missing.

5. On December 15, 2021 I submitted multiple 'information request' following the established chain of command by writing Defendants Lee, York and Tritt as well giving them an appropiate amount of time to respond before filing on inmate complaint and trying to resolve the issue informally. I only received two 'information request'

back but I did not received a helpful respond (See Exhibit 1002-016 and 1002-018).

6. On December 23, 2021 I filed an inmate complaint (See Exhibit 1002-008) I explained on the complaint that Defendant Lee mislead me giving me misinformation saying that she placed my legal paperwork with the 'rest of my property' (Rest of my property that I received until I got out from seg. on December, 15, 2021) They still rejected my grievance as untimely knowing that I received the rest of my property on 12/15/2021 and knowing that Defendant Lee gave me misinformation in regards my legal paperwork causing the grievance procedures became 'unavailable' to me.

## ARGUMENT

Herrera-Hernandez complained informally on November 4, 2021, to Defendant Lee (who has her body camara on) who told him that she put his legal paperwork with the rest of his property.

On Plaintiff's earlier pro se affidavit and now again avers that he was induced, led to believe by Defendant Lee that his legal paperwork was with the 'rest' of his property causing the 'Administrative Remedies' became 'unavailable' to Plaintiff.

The 3rd Circuit have previously held that erroneous instructions or other impediments to pursuing administrative relief... may render those remedies "unavailable" for the purposes of § 1997 e(a), and can potentially excuse a failure to comply

therewith. See, e.g., Brown v. Croak, 312 F. 3d 109, 112-13 (3d. Cir. 2002); see also Miller v. Norris, 247 F. 3d 736, 740 (3d. Cir. 2001) (A remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under § 1997 e(a)...

When a prisoner's failure to exhaust properly his administrative remedies is attributable to prison staff's conduct, the Court will not dismiss a claim for failure to timely exhaust, especially when only a matter of a few weeks difference is at stake. When the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited. On the other hand, when 'prison officials' prevent inmates from using the administrative process, the process that exists on paper became unavailable in reality. See, Kaba v. Stepp, 458 F. 3d 678, 684 (7th Cir. 2006)

Prison officials may not take unfair advantage of the exhaustion requirement, and a remedy became 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative 'misconduct' to prevent a prisoner from exhausting." Dole v. Chandler, 438 F. 3d at 809. On this case Defendant Lee's misconduct of lying to Plaintiff in regards his legal paperwork caused the administrative remedies became 'unavailable' to him.

## CONCLUSION

Based on the facts and argument set forth above, Plaintiff-Appellant respectfully request the Court to reverse the Circuit Court decision of granting Defendants Motion for Summary Judgment-Exhaustion.

Dated: September 28, 2023

Respectfully Submitted,

Manuel A. Herrera Hernandez
Oconto County Jail
301 Washington Street
Oconto, WI. 54153

I, Gerald S. Mayek, #58436 does hereby make the following statement of my own free will. I state that I was a witness to the following activities that took place on October 23rd, 2021.

At or about 1:45 pm on October 23rd, 2021, inmate Manuel Herrera Hernandez #700562 and I were cell-mates in Cell A-5 of the North Cell Hall.

C.O. Jacob Bohl went to search our cell and we were ask to wait by the Sgt. cage.

While at the Sgt. cage inmate Hernandez was going through some of his legal papers.

C.O. Bohl came back, took the papers away from Hernandez, handed them to Sgt. Lee inside the cage, and handcuffed Hernandez.

I was told that I could return to my cell and I did so.

Inmate Hernandez did not return.

I declare under penalty of perjury that the foregoing statements and accounts are true and correct. Executed at Waupun, WI on the 29, day of April, 2022.

*Gerald S. Mayek*
Gerald S. Mayek

Exh. A

**DEPARTMENT OF CORRECTIONS**
Division of Adult Institutions
DOC-643 (Rev. 4/2015)

## INTERVIEW/INFORMATION REQUEST
### *SOLICITUD PARA INFORMACION / ENTREVISTA*

Instruction to Inmate: Do not use this form to contact health staff.  Use a Health, Dental or Psychological Service Request.

| OFFENDER NAME *NOMBRE DEL/LA OFENSOR(A)* | DOC NUMBER *NUMERO DEL/LA OFENSOR(A)* | LIVING UNIT *UNIDAD DE VIVIENDA* |
|---|---|---|
| A. Herrera Hernandez | 700562 | SCH-F5 |

| DATE *FECHA* | WORK ASSIGNMENT *ASIGNACION DE TRABAJO* |
|---|---|
| 12-15-21 | |

☑ Interview *Entrevista*    ☑ Information *Informacion*

STATE REASON FOR INTERVIEW OR SPECIFY INFORMATION REQUESTED
*INDIQUE LA RAZON PARA LA ENTREVISTA O ESPECIFIQUE LA INFORMACION QUE SOLICITA*

I went to RHU last ~~20~~ Oct. 23rd, I was in NCH-A-5 but before they put the hand cuffs on me I had 3 big envolopes in my hands of my cases, open No. 20CF209, 21CF127 and 21CF828, my discovery was in there, it's real confidential mail, the C.O. Jacob Bohl handed my legal mail to ~~the~~ Seargent Lee at 1:45 pm Sat Oct 23rd, when I was in RHU I wrote property and miss Lee asking for those 3 big envolopes, Seargent Lee told me she put it in my property, today I got my property and it was everything but those 3 envolopes with confidential Mail. I need my legal mail, check the cameras or call Mis Lee, she remember me cause I used to paint in NCH. I need that ASAP cause I got court, Dic. 21st and January 3rd and it's information that can not be misplaced. Thanks

(Do Not Write Below This Line) *(No Escriba Debajo Esta Linea*
### DISPOSITION OF REQUEST  *DISPOSICION DE LA SOLICITUD*

☐ You Will Be Interviewed
　　*Usted sera entrevistado*

☐ Information to Follow
　　*Informacion Sera Proveida*

☐ Request Referred To:
　　*Solicitud Referida A:*

Date: *Fecha:* 12-16-21

Time: *Hora:* _____

Information/Comment:
*Informacion/Comentario:*　　YOU WERE GIVEN WHAT WE HAD.

_____
Signed *Firmado*   C/

_____
Department *Departamento*   PROPERTY

Exh. 1002-016

### INTERVIEW/INFORMATION REQUEST
*SOLICITUD PARA INFORMACION / ENTREVISTA*

Instruction to Inmate: Do not use this form to contact health staff. Use a Health, Dental or Psychological Service Request.

| OFFENDER NAME *NOMBRE DEL/LA OFENSOR(A)* | DOC NUMBER *NUMERO DEL/LA OFENSOR(A)* | LIVING UNIT *UNIDAD DE VIVIENDA* |
|---|---|---|
| A. Herrera Hernandez | 700562 | F-5 |

| DATE *FECHA* | WORK ASSIGNMENT *ASIGNACION DE TRABAJO* |
|---|---|
| 12-16-21 | |

☑ Interview *Entrevista*   ☑ Information *Informacion*

STATE REASON FOR INTERVIEW OR SPECIFY INFORMATION REQUESTED
*INDIQUE LA RAZON PARA LA ENTREVISTA O ESPECIFIQUE LA INFORMACION QUE SOLICITA*

I went to RHU last Oct 23rd at 1:45pm, before they put the handcuffs on me the C.O Jacob Bohl handed My legal mail that I had on my hands to seargent Lee, since then I've been asking for it cause that was my discovery for my 3 open cases 20CF209, 21CF127, CF828. CONFIDENTIAL MAIL I wrote property, they said, they don't have it, Seargent LEE told me she put it in my property, when I got out of RHU and got my Property, my discoverys are missing, I wrote Seargent Lee and Property and tos she don't even reply to me, and I got court coming up this 21st and next 3rd I need my legal mail, can you check the cameras and see what she did with my legal stuff, I DO NOT SUPPOSSE TO LOSS THOSE DOCUMENTS. Thank you.

(Do Not Write Below This Line) *(No Escriba Debajo Esta Linea*

### DISPOSITION OF REQUEST *DISPOSICION DE LA SOLICITUD*

☐ You Will Be Interviewed
  *Usted sera entrevistado*
☐ Information to Follow
  *Informacion Sera Proveida*
☐ Request Referred To:
  *Solicitud Referida A:*

Date: *Fecha:* 1/11/22    Time: *Hora:*

Information/Comment: *Informacion/Comentario:* Cpt. Tritt supervises más / Property

Signed *Firmado*    Department *Departamento*

**DEPARTMENT OF CORRECTIONS**
Division of Adult Institutions
DOC-400 (Rev. 3/2019)

**WISCONSIN**
Administrative Code
Chapter DOC 310

# INMATE COMPLAINT

| OFFICE USE ONLY | | |
|---|---|---|
| DATE RECEIVED | COMPLAINT CODE | COMPLAINT FILE NUMBER |

**INSTRUCTIONS FOR INMATE:**
- Complete **ALL** sections of this form
- You MUST use a DOC-400B, if additional space is needed.
- Do not use a highlighter or marker on this form.  Do not staple or tape this form.
- The form may be returned to you if you submit an incomplete form or if you do not follow the instructions.
- Print clearly, illegible forms will not be processed.  See reverse side for more information.

| INMATE NAME | DOC NUMBER | HOUSING UNIT | FACILITY |
|---|---|---|---|
| Herrera-Hernandez, Armando | 700562 | SCH | WCI |

| LOCATION OF INCIDENT | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|
| WCI | 12-16-21 | N/A |

**ANSWER THE FOLLOWING QUESTIONS IN THE SPACES PROVIDED:**

Briefly state who or what is the **ONE** issue, of this complaint.  What remedial action are you requesting?

Staff at WCI has lost my legal paperwork.

With whom did you attempt to resolve your **ONE** issue, and what was the result of this attempt, prior to submitting this complaint?  Send any documentation you have, that supports your attempt to resolve your claims.

Saw Sgt Lee and wrote property and captain Tritt who has not responded in more than 5 days.

What are the details surrounding this complaint?  On 12-16-21 I got my property and my legal work, that Sgt Lee told me she put with the rest of my property the day of Oct. 23, was missing. On that day CO Jacob Bohl handed my discovery and criminal complaint papers to Sgt. Lee. Those papers are crucial and can be damaging if they fall in the wrong hands. That paperwork was in Sgt Lee's hands at 1:45 pm. I need an investigation into where that crucial paperwork is and need it returned so I can work on my case. Thank you.

| SIGNATURE OF INMATE | DATE SIGNED |
|---|---|
| | 12-23-21 |

Exh. 1002-008

DEPARTMENT OF CORRECTIONS
Division of Adult Institutions
DOC-2182 (Rev. 3/2019)

WISCONSIN
Administrative Code
Chapter DOC 310

# REQUEST FOR REVIEW OF REJECTED COMPLAINT

DOC 310.10(10), Wis. Adm. Code: "An inmate may appeal a rejected complaint within 10 calendar days only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. The reviewing authority's decision is final."

**INSTRUCTIONS:**
1. Prepare an original and one copy of this request. Please print or type.
2. Sign and date form. Use a DOC-400B if additional space is required.
3. Keep the copy of this request for your records.
4. Submit the original to the Institution Complaint Examiner named on the DOC-402 ICE Rejection you received.

**This form is not to be submitted to the Corrections Complaint Examiner**

| INMATE NAME | DOC NUMBER | INSTITUTION (Abbreviate) | COMPLAINT FILE NUMBER |
|---|---|---|---|
| Hercia-Hernandez Armando | 700562 | WCI | 2021-19706 |

STATE BRIEFLY WHY YOU DISAGREE WITH THE REASON FOR THE REJECTION OF YOUR COMPLAINT.

the reason why my complaint was late is because I got out RHU on Dec. 13th I relieze I didn't have my legal confidential mail on Dec 15th when they gave me my property, I wrote property, they told me I was gavin what they had, I wrote Seargent Lee, and never got an answer, I wrote Tritt and no answer, I wrote CPS Rosich and it took to long to answer me, and the answer was Capt Tritt but he didn't answear me. I apologize but they easey could go back to the comaras and see what Seargent Lee did with my legal stuff, She got fired, what if she gave my stuff to another inmate so he can get in my case and go home sooner. I need to find out who has my legal stuff please. Since I was in RHU I was asking for those legal mail and I never got a answer.

| SIGNATURE OF INMATE | DATE SIGNED |
|---|---|
| Alllarecia Hernandez | 2-4-22 |

Exh 1002-006

**DISTRIBUTION:** Original – ICTS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MANUEL ANTONIO HERRERA HERNANDEZ,**

    **Plaintiff,**

  v.                               **Case No. 22-cv-508**

**THERESA LEE,** *et al.***,**

    **Defendants.**

---

## ORDER

---

Plaintiff Manuel Antonio Herrera Hernandez, who is incarcerated at Oconto County Jail and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 9.) Hernandez was allowed to proceed on an access to courts claim against defendants Theresa Lee, Jacob Bohl, Kyle Tritt, and Charles York. The defendants filed a motion for summary judgment on the grounds that Hernandez failed to exhaust his administrative remedies. (ECF No. 17.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 12.) The motion is fully briefed and ready for a decision. For the reasons stated below, the court grants the defendants' motion for summary judgment on exhaustion grounds without prejudice.

# SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Standard*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must

3

clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i), including submitting a complaint later than 14 calendar days from the date of the alleged incident. An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10).

*Hernandez's Claims*

While incarcerated in Waupun Correctional Institution, Hernandez alleges that when he was released from the Restricted Housing Unit (RHU), he did not receive his legal paperwork because of the defendants' actions. (ECF No. 8 at 4.) As a result, he missed a deadline to pay an initial partial filing fee on another case, which resulted in that case getting dismissed. (*Id.*)

*Hernandez's Attempts to Exhaust His Administrative Remedies*

Hernandez's efforts to exhaust his administrative remedies are largely undisputed. On December 27, 2021, the ICE received inmate complaint WCI-2021-19706, dated December 23, 2021, wherein Hernandez complained that the defendants misplaced his legal paperwork. (ECF No. 19, ¶ 2.) On November 2, 2021, Hernandez signed a form stating that he received his legal paperwork while he was housed in the RHU. (*Id.*, ¶ 3.) As such, the ICE rejected Hernandez's inmate complaint as

4

untimely. (*Id.*, ¶ 5.) The ICE determined that because Hernandez signed the form acknowledging receipt of his legal paper on November 2, 2021, he learned of the incident that day; thus, the inmate complaint needed to be received by November 16, 2021, within 14 days of the incident, to be timely. (*Id.*, ¶¶ 3-5.)

On February 4, 2022, Hernandez filed a Request for Review of a Rejected Complaint, where he stated that he did not realize that his legal paperwork was missing until he was released from RHU on December 15, 2021, and his property was returned to him. (ECF No. 19, ¶ 6.) The defendants stated that Hernandez did not state in his request for review why he signed for his legal paperwork on November 2, 2021. (*Id.*, ¶ 7.) Hernandez states that he wrote on every request slip that he signed the November 2, 2021, form because Lee told him that his legal paperwork was in with the rest of his property on that day. (ECF No. 30, ¶ 7.) He believed Lee's assertion, and it was not until he was released from RHU on December 15, 2021, that he realized Lee had lied to him. (*Id.*, ¶ 8.) Non-defendant Warden Randall Hepp upheld the ICE's rejection of Hernandez's inmate complaint because he determined that the rejection for untimeliness was appropriate. (ECF No. 19, ¶ 8.)

*Analysis*

It is undisputed that WCI-2021-19706 is the only relevant inmate complaint. The crux of Hernandez's argument is that both the ICE and Warden Hepp erroneously rejected his complaint as untimely—Hernandez filed an inmate complaint within 14 days of learning that his legal paperwork was missing. In short, Hernandez is taking issue with the decision made by the ICE and Warden Hepp.

5

Federal district courts do not review and pass judgment on the appropriateness of ICRS decisions. If Hernandez believes the ICRS decision is wrong, he may seek review in state court. *See Pirtle v. Cooper*, Case No. 15-CV-685, 2015 WL 4773166 at * 3 (E.D. Wis. Aug. 12, 2015).

Accordingly, the court cannot question whether ICE decision was the right one or whether the ICE should have accepted the late filing for good cause. It can only consider whether Hernandez complied with the process to exhaust his administrative remedies. As it stands on the record, Hernandez's inmate complaint was untimely. As such, he failed to exhaust his administrative remedies. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In other words, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). Hernandez needed to file his inmate complaint within 14 days of the incident, and he failed to do so. He did not comply with the ICRS's deadlines, so he did not exhaust his administrative remedies.

## CONCLUSION

For the reasons stated above, Hernandez failed to exhaust his administrative remedies for his access to courts claim Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

7

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

STEPHEN DRIES
United States Magistrate Judge

# United States District Court
## Eastern District of Wisconsin

MANUEL ANTONIO HERRERA HERNANDEZ,

               Plaintiff(s),

      v.

THERESA LEE, et al.

               Defendant(s).

**JUDGMENT IN A CIVIL CASE**

Case No. 22-CV-508-SCD

---

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried, and the jury has rendered its verdict.

☒   **Decision by Court.** This action came before the Court for consideration.

    **IT IS HEREBY ORDERED AND ADJUDGED** that the defendants'

motion for summary judgment (ECF No. 17) is **GRANTED**.

    **IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**


Approved:     *Stephen C. Dri*

STEPHEN C. DRIES
United States Magistrate Judge

Dated: April 20, 2023


GINA M. COLLETTI
Clerk of Court

*s/ K. Hubacz*
(By) Deputy Clerk

# United States District Court
## Eastern District of Wisconsin

MANUEL ANTONIO HERRERA HERNANDEZ,

    Plaintiff(s),

  v.

THERESA LEE, et al.

    Defendant(s).

**JUDGMENT IN A CIVIL CASE**

Case No. 22-CV-508-SCD

---

☐  **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried, and the jury has rendered its verdict.

☒  **Decision by Court.** This action came before the Court for consideration.

    **IT IS HEREBY ORDERED AND ADJUDGED** that the defendants'

motion for summary judgment (ECF No. 17) is **GRANTED**.

    **IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**

Approved:     *Stephen C. Dri*

STEPHEN C. DRIES
United States Magistrate Judge

Dated: April 20, 2023

GINA M. COLLETTI
Clerk of Court

*s/ K. Hubacz*
(By) Deputy Clerk