No. 23-2497

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

ANTONIO MANUEL HERRERA HERNANDEZ,

    Plaintiff-Appellant,

v.

THERESA LEE, et al.,

    Defendants-Appellees.

APPEAL FROM A FINAL JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN, THE HONORABLE STEPHEN C. DRIES, MAGISTRATE JUDGE, PRESIDING

**BRIEF OF APPELLEES**

          JOSHUA L. KAUL
          Attorney General of Wisconsin

          MICHAEL D. MORRIS*
          Assistant Attorney General
          State Bar #1112934

          Attorneys for Defendants-Appellees

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3936
(608) 294-2907 (Fax)
morrismd@doj.state.wi.us

*Counsel of Record

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ..................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................2

       1.     Did the district court properly dismiss Hernandez's claim for failing to exhaust his administrative remedies, where he did not file a timely complaint within 14 days of when he received his property and should have learned that his legal papers were missing?........................................................2

       2.     Did Hernandez have administrative remedies available despite the staff member's misrepresentation because that statement did not prevent Hernandez from filing a complaint on time and, in fact, provided another basis for him to complain, as the statement was effectively a denial of his request for his legal papers?...........................................................2

STATEMENT OF THE CASE ............................................................................3

   I.     Hernandez signed a receipt acknowledging that he received his legal papers on November 1, 2021, but did not file a complaint about missing those same papers until December 23................................................3

   II.    The complaint examiner rejected Hernandez's complaint because it was filed well beyond the 14-day deadline, which began to run after he received his property on November 1. ...............................................5

   III.   The district court dismissed Hernandez's claim because he failed to exhaust his administrative remedies by filing a timely complaint with the prison. ................................................................................................6

SUMMARY OF THE ARGUMENT ...................................................................7

STANDARD OF REVIEW ..................................................................................8

ARGUMENT .....................................................................................................9

    I.     Hernandez did not exhaust his administrative remedies because he did not file a complaint within the required 14 days after learning that his legal papers were not included with the property he signed for on November 1, 2022. ...........................................9

    II.    Hernandez's contrary argument that administrative remedies were unavailable because a staff member mislead him is meritless. ................................. 11

CONCLUSION................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Conyers v. Abitz*,
   416 F.3d 580 (7th Cir. 2005) .................................................................. 13–14

*Dole v. Chandler*,
   438 F.3d 804 (7th Cir. 2006) ........................................................................ 13

*Hall v. City of Chicago*,
   953 F.3d 945 (7th Cir. 2020) ........................................................................ 12

*Lockett v. Bonson*,
   937 F.3d 1016 (7th Cir. 2019) ...................................................................... 13

*Pirtle v. Cooper*,
   Case No. 15-CV-685, 2015 WL 4773166 (E.D. Wis. Aug. 12, 2015) ............ 10

*Smallwood v. Williams*,
   59 F.4th 306 (7th Cir. 2023) ................................................................. 14–15

*Swisher v. Porter Cnty. Sheriff's Dep't*,
   769 F.3d 553 (7th Cir. 2014) ................................................................. 15–16

*Thomas v. Reese*,
   787 F.3d 845 (7th Cir. 2015) ................................................................. 15–16

**Statutes**

28 U.S.C. § 1291 ............................................................................................... 5

28 U.S.C. § 1331 ............................................................................................... 5

28 U.S.C. § 1343 ............................................................................................... 5

42 U.S.C. § 1983 ............................................................................................... 5

42 U.S.C. § 1997e(a) ...................................................................................... 13

**Rules**

Fed. R. App. P. 32(a)(5) ................................................................................. 18

Fed. R. App. P. 32(a)(6) ................................................................................. 18

Fed. R. App. P. 32(a)(7)(B) ............................................................................ 18

Fed. R. App. P. 32(f) ...................................................................................... 18

Fed. R. Civ. P. 56(a) ...................................................................................... 12

**Regulations**

Wis. Admin. Code ch. DOC 310 .................................................................... 13

Wis. Admin. Code DOC § 310.04 .................................................................. 10

Wis. Admin. Code DOC § 310.07(2) ........................................................ 13–14

Wis. Admin. Code DOC § 310.03(5) .............................................................. 13

# JURISDICTIONAL STATEMENT

Appellant Antonio Hernandez's jurisdictional statement is not complete and correct, so the Appellees provide a complete jurisdictional statement here.

Hernandez filed his Amended Complaint on July 12, 2022. (Dkt. 8.) After screening the complaint, the district court allowed him to proceed on an access-to-courts claim arising under the First Amendment and 42 U.S.C. § 1983. (Dkt. 9.) Appellant Hernandez consented to magistrate judge jurisdiction on May 2, 2022. (Dkt. 5.) The Appellees consented to magistrate jurisdiction on October 14, 2022. (Dkt. 12.) The district court had federal question jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343.

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291. This appeal entails a review of a final order granting summary judgment to the Appellees. (Dkt. 41.) The district court entered both its order on summary judgment and its final judgment dismissing the case on July 18, 2023. (Dkt. 40–41.)[1] There were no post-judgment motions filed that would alter the time to appeal. Hernandez timely filed a notice of appeal on August 1, 2023. (Dkt. 42.)

---

[1] The judgment is dated April 20, 2023. (Dkt. 41.) But it was filed July 18, and the court's opinion was both dated and filed on July 18.

The district court order on appeal is a final judgment that disposed of all claims. Thus, no claims remain for disposition in the district court. *See* 7th Cir. R. 28(a)(3).

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

Prisoners must exhaust administrative remedies by filing inmate complaints within the time prescribed by the prison's rules. Hernandez received his property on November 1, 2022, and signed a receipt stating that his legal materials were included. In fact, they were missing, but Hernandez waited until well after the prison's 14-day deadline to complain.

1.  Did the district court properly dismiss Hernandez's claim for failing to exhaust his administrative remedies, where he did not file a timely complaint within 14 days of when he received his property and should have learned that his legal papers were missing?

Exhaustion is not required, however, if prison staff mislead prisoners in a way that prevents them from utilizing the complaint procedures, such as by falsely telling them that they need not file a complaint. Hernandez claims that a staff member mislead him about the whereabouts of his legal papers after November 1, 2022, indicating that they were in storage and he would receive them at a later date.

3. Did Hernandez have administrative remedies available despite the staff member's misrepresentation because that statement did not prevent Hernandez from filing a complaint on time and, in fact, provided another basis for him to complain, as the statement was effectively a denial of his request for his legal papers?

## STATEMENT OF THE CASE

Hernandez is, and was at all material times, an inmate at Waupun Correctional Institution in Waupun, Wisconsin. (Dkt. 19:1.) Appellees Theresa Lee, Jacob Bohl, Charles York, and Kyle Tritt were, at the relevant time, all prison officers at the prison. (Dkt. 13.) Hernandez sued the Appellees for allegedly losing his legal papers after they transferred him to the prison's restrictive housing unit. (Dkt. 8.) The district court dismissed his case because he failed to exhaust his administrative remedies.

### I. Hernandez signed a receipt acknowledging that he received his legal papers on November 1, 2021, but did not file a complaint about missing those same papers until December 23.

On October 23, 2021, Hernandez was transferred to the prison's restrictive housing unit or "RHU." (Dkt. 32:2.) Before the transfer, in his old cell, Hernandez told officer Bohl and sergeant Lee that he had important legal papers about his pending court cases. (Dkt. 32:2.) Lee told him that his papers would be placed with the rest of his property. (Dkt. 32:2.)

3

On November 1, 2021, Hernandez received his property in restrictive housing and signed a form acknowledging that he had received all of the property itemized on the form. (Dkt. 20-2:11–13.) One of the itemized pieces of property Hernandez acknowledged receiving was his "legal materials." (Dkt. 20-2:11.) On the form beside "legal materials," there is a box indicating where the property was delivered. (Dkt. 20-2:11.) In this case, the officer wrote "RHU," specifying that his legal papers were delivered to him in the restrictive housing unit. (Dkt. 20-2:11.) Despite signing for his legal papers on November 1, he evidently did not receive them. (Dkt. 32:2.)

On December 23, 2021, Hernandez filed an inmate complaint about his lost papers through the prison's grievance system. (Dkt. 20-2:8.) In his complaint, he said, "on [December 16, 2021] I got my property and my legal work that Sgt Lee told me she put with the rest of my property the day of Oct. 23 was missing." (Dkt. 20-2:8.) But he did not mention that he had received his property on November 1, 2022, or that he had signed a receipt acknowledging that he had received his legal papers. (Dkt. 20-2:8.)

## II. The complaint examiner rejected Hernandez's complaint because it was filed well beyond the 14-day deadline, which began to run after he received his property on November 1.

The institution complaint examiner reviewed his complaint and rejected it because it was untimely. (Dkt. 20-2:2.) The examiner explained that, under the prison's rules, inmates must file complaints within 14 days of the incident. (Dkt. 20-2:2.) Hernandez did not meet that deadline because he did not complain about missing his legal papers within 14 days after he received his property and his legal papers according to the receipt, on November 1, 2022. (Dkt. 20-2:2.) Instead, despite realizing that his legal papers were missing on that date, he waited until December 23 to complain, which was too late absent a showing of good cause. (Dkt. 20-2:2.) But Hernandez offered no excuse and "makes no plea for good cause," so the examiner rejected the complaint as untimely. (Dkt. 20-2:2.)

Hernandez appealed the decision. (Dkt. 20-2:15.) In his appeal, he wrote that he got out of restrictive housing on December 13 and only then realized his legal paperwork was missing. (Dkt. 20-2:15.) But Warden Hepp affirmed the examiner's decision based on the objective evidence. (Dkt. 20-2:5.)

### III. The district court dismissed Hernandez's claim because he failed to exhaust his administrative remedies by filing a timely complaint with the prison.

Hernandez filed his Amended Complaint on July 12, 2022. (Dkt. 8.) The district court screened it and allowed him to proceed on a First Amendment access-to-courts claim. (Dkt. 9.)

The Appellees moved for summary judgment on the ground that Hernandez failed to exhaust his administrative remedies because he did not complain about his missing papers until well after the 14-day deadline set by the prison's rules. (Dkt. 17–20.)

The district court granted the Appellees' motion. (Dkt 40.) After explaining the examiner's reasoning for rejecting Hernandez's complaint on the ground of timeliness, the court turned to Hernandez's arguments opposing summary judgment. His arguments improperly challenged the correctness of the examiner's decision, but federal courts, the court explained, do not review the correctness of those decisions. "Federal courts do not review and pass judgment on the appropriateness of ICRS decisions."[2] (Dkt. 40:6 (citing *Pirtle v. Cooper*, Case No. 15-CV-685, 2015 WL 4773166 at *3 (E.D. Wis. Aug. 12, 2015).) Instead, "[i]f Hernandez believes the ICRS decision is wrong, he may seek review in state court." (Dkt. 40:6.)

---

[2] "ICRS" stands for the inmate complaint review system. Wis. Admin. Code DOC § 310.04.

6

Rather, the court explained that its job was to determine whether Hernandez exhausted his administrative remedies according to the prison's rules. (Dkt. 40:6.) And Hernandez did not fulfill that requirement. "Hernandez needed to file his inmate complaint within 14 days of the incident, and he failed to do so." (Dkt. 40:6.) He therefore failed to exhaust his administrative remedies, and the court dismissed the case without prejudice. (Dkt. 40:6.)

Hernandez timely appealed. (Dkt. 42.)

**SUMMARY OF THE ARGUMENT**

The district court properly dismissed Hernandez's access-to-court claim because he failed to exhaust it by filing a complaint within the time prescribed by the prison's rules. He signed a receipt for his papers on November 1, and immediately realized that his legal papers were missing. By rule, he had 14 days to file a complaint. Yet, he waited for nearly two months to do so. By that time, the complaint examiner rejected his late complaint. A properly rejected complaint on this basis cannot satisfy the exhaustion requirement, so the district court properly dismissed Hernandez's claim.

In his lone argument on appeal, Hernandez argues that administrative remedies were unavailable to him because a staff member mislead him about the whereabouts of his legal papers. That argument misses the mark, however, because, even if true, the misrepresentation did not prevent Hernandez from

7

utilizing the complaint process to complain about his missing papers. In fact, it created another basis for him complain. His papers were missing from the property he received, and, when Hernandez requested them, a staff member did not provide them to him. He could have—indeed, should have—filed a complaint about his missing legal papers at that time.

Regardless, under this Court's precedents, misrepresentations must actually prevent inmates from using the complaint system in order to render administrative remedies unavailable, such as a staff member lying about the need to file a complaint or an appeal. But that sort of misrepresentation is not present here.

## STANDARD OF REVIEW

This Court reviews a district court's order granting summary judgment de novo. *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020). In so reviewing, the Court generally reviews the record and draws inferences in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## ARGUMENT

**I. Hernandez did not exhaust his administrative remedies because he did not file a complaint within the required 14 days after learning that his legal papers were not included with the property he signed for on November 1, 2022.**

Hernandez failed to exhaust his administrative remedies by filing a complaint within 14 days of the incident, as required by the prison's rules. He signed for his property, including his legal materials, on November 1, 2022. If his legal papers were not included, as he claimed, he had to file a complaint within 14 days. Instead, he waited until nearly two months later to file one. He therefore did not exhaust his administrative remedies.

Prisoners must exhaust their administrative remedies before filing a lawsuit against prison officials. 42 U.S.C. § 1997e(a). To do this, prisoners must file grievances in the time, place, and manner provided by prison rules. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). This Court takes "a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

To exhaust their administrative remedies in Wisconsin, inmates must file grievances (known as inmate complaints) through the Inmate Complaint Review System (ICRS) as set forth in Wis. Admin. Code ch. DOC 310. Complaints must be filed "within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code DOC § 310.07(2). The complaint examiner, however, has the discretion to accept a late complaint "for good cause." *Id.* A "day" includes "all calendar days including Saturdays, Sundays, and state legal holidays." Wis. Admin. Code DOC § 310.03(5).

Here, Hernandez did not file a complaint within the required 14 days after the incident, so he did not exhaust his administrative remedies. The examiner determined that the incident occurred on November 1, 2022, when he received his property but not his legal materials, despite signing a receipt that listed them. (Dkt. 20-2:2.) By rule, he had 14 days to complain. Wis. Admin. Code DOC §§ 310.07(2); 310.03(5). Yet he undisputedly did not do so. Instead, he waited until December 23. (Dkt. 20-1; 20-2:8.) By that time, it was too late. Although the examiner had discretion to accept it anyway for "good cause," she determined that Hernandez had not shown good cause. (Dkt. 20-2:2.) That decision was proper under the prison's rules. Because a properly rejected complaint cannot satisfy the exhaustion requirement, the district court

properly dismissed Hernandez's claim for failure to exhaust his administrative remedies. *Conyers*, 416 F.3d at 584.

## II. Hernandez's contrary argument that administrative remedies were unavailable because a staff member mislead him is meritless.

In his lone argument on appeal, Hernandez argues that staff misconduct rendered administrative remedies unavailable to him. He is wrong.

Answering whether administrative remedies were available is a fact-specific inquiry. *Smallwood v. Williams*, 59 F.4th 306, 314 (7th Cir. 2023). The Court asks whether either the procedures were "knowable by an ordinary prisoner in the plaintiff's situation" or the system was "so confusing that no such inmate could make use of it." *Id.* (citation omitted). Administrative remedies can also be unavailable if prison officials caused the system to be unavailable through "machination, misrepresentation, or intimidation." *Id.* (citation omitted).

Not all misrepresentations render administrative remedies unavailable. Rather, misrepresentations must prevent an inmate from using the complaint procedures. For example, this Court found administrative remedies unavailable where a staff member falsely told an inmate that he could not file a grievance. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Similarly, administrative remedies were unavailable where prison staff assured a

prisoner that he did not have to file a grievance because they would address his complaint informally. *Swisher v. Porter Cnty. Sheriff's Dep't*, 769 F.3d 553, 555 (7th Cir. 2014). In *Swisher*, the Court explained, "[w]hen jail personnel mislead inmates about how to invoke the procedure the inmates can't be blamed for failing to invoke it." *Id.*; *see also Smallwood*, 59 F.4th at 320.

Hernandez argues that sergeant Lee mislead him to believe that his legal papers were with his remaining property not delivered to him on November 1, 2022, and that her actions made it impossible for him to exhaust his administrative remedies on time. (7th Dkt. 8.) But Lee's misrepresentation, assuming she said that, is not the kind of misrepresentation that renders administrative remedies unavailable under this Court's precedents. Unlike statements that inmates need not, or cannot, file a complaint, Lee's alleged statement did not interfere with Hernandez's ability to timely file a complaint. Put differently, Lee's statement about the whereabouts of his property was not a misrepresentation "about how to invoke the [complaint] procedure," *Swisher*, 769 F.3d at 555, or the need to do so. *Thomas*, 787 F.3d at 847. So, her statement did not render administrative remedies unavailable.

In fact, Lee's statement only strengthened Hernandez's access-to-courts claim. Her statement was tantamount to telling Hernandez not only that she knew where his important legal papers were, but that he could not have them. That is potentially a claim for interfering with Hernandez's access to the courts, for which he could have, and should have, filed a complaint then and there. He had 14 days to do so under the rules but delayed filing anything for nearly two months.

Hernandez's December 23 complaint further shows that he always had administrative remedies available. He successfully filed that complaint, and the examiner acted upon it according to the prison's rules. She accepted it, processed it, investigated it, and rejected it because the evidence showed that Hernandez knew he was missing his legal papers on November 1, 2022, when he acknowledged receiving them. Even though this complaint was properly rejected as untimely, it still shows that the complaint system was available to Hernandez at any time and that staff would abide by the rules in accepting and processing his complaint.

In short, Hernandez had administrative remedies available to him regardless of what Lee told him about the whereabouts of his property. He could have filed a complaint within the 14-day deadline but failed to, so the district court properly dismissed his claim for failure to exhaust.

13

## CONCLUSION

For the foregoing reasons, the Court should affirm the district court's judgment.

Dated this 13th day of November 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Michael D. Morris*
MICHAEL D. MORRIS
Assistant Attorney General
State Bar #1112934

Attorneys for Defendants-Appellees

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3936
(608) 294-2907 (Fax)
morrismd@doj.state.wi.us

*Counsel of Record

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), typeface requirements of Fed. R. App. P. 32(a)(5), and type style requirements of Fed. R. App. P. 32(a)(6).

This brief contains 2,710 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 13 point Century Schoolbook.

Dated this 13th day of November 2023.

s/ Michael D. Morris
MICHAEL D. MORRIS
Assistant Attorney General

# CERTIFICATE OF SERVICE

I certify that on November 13, 2023, I electronically filed the foregoing *Brief of Appellees* with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

I further certify that two copies of the above document were mailed to:

ANOTONIO MANUEL HERRERA-HERNANDEZ #700562
OCONTO COUNTY JAIL
301 NORTH WASHINGTON STREET
OCONTO, WI 54153

Dated this 13th day of November 2023.

s/ Michael D. Morris
MICHAEL D. MORRIS
Assistant Attorney General